UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES N. WATSON, JR., | ) | CASE NO. 4:10 CV0293 |
| (03275036) | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| STATE OF OHIO, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

*Pro se* petitioner Charles Watson filed the above-captioned Petition for Emergency Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Mr. Watson, who was held in the Northeast Ohio Correctional Center (NEOCC) when he filed this action,[1] asserts his detention is unlawful. He challenges the validity of the arrest warrant the state of Maine used to take him in to custody. Petitioner twice moved for appointment of counsel, sought leave to proceed *in forma pauperis*, and asks the Court to hold the case in abeyance. (Doc. Nos. 3, 4 & 7.) For the reasons stated below, the motions for appointment of counsel and to hold the case in abeyance are **DENIED**, the motion to proceed in forma pauperis is **GRANTED**, and the petition for writ of habeas corpus is **DISMISSED** without prejudice.

---

[1] Since the date this petition was filed, Mr. Watson's mail was returned to the Court: "Not Deliverable As Addressed" to NEOCC. Petitioner later filed a letter in this Court indicating he was held at the Metropolitan Detention Center in Brooklyn, New York. A subsequent mailing to the Brooklyn address was returned: "Not Deliverable As Addressed" to the Metropolitan Detention Center in Brooklyn, New York. An *Inmate Locator* search for Mr. Watson on the Bureau of Prisons' (BOP) website reveals: "NOT IN BOP CUSTODY." http://www.bop.gov (June 24, 2010).

1

**I. Background**

In 1993, Mr. Watson was indicted in the United States District Court for the District of Maine. *United States v. Watson*, No. 2:93cr0060 (D. Me. 1993). The indictment charged him with violating 21 U.S.C. §§ 841 and 846. He pleaded guilty to the charges and was sentenced on May 10, 1994 to a term of 216 months, "to run concurrently with the Defendant's undischarged term of imprisonment imposed by the York County (Maine) Superior Court under Docket No. 93-689 and the undischarged term of imprisonment imposed by the Cumberland County (Maine) Superior Court under Docket No. 87-2281; 6 years supervised release; fines waived; restitution is not an issue; special assessment $50.00." *Id*. at Dkt.# 24.

Sometime after his federal sentence was imposed, Petitioner appeared before the Cumberland (Maine) County Superior Court to face charges of theft.[2] *Maine v. Watson*, No. 97cr333. The court allegedly sentenced him to "a consecutive (5) year sentence over and above the eighteen year Federal Sentence received under Docket No. CR93-60." (Pet. at 3.) He protests that "the State of Maine Court *did not* have jurisdiction over both sentences at the time to impose a consecutive five year sentence." (Pet. at 3)(emphasis in original.) Further, the State imposed a restitution order allegedly directing petitioner to pay 25% of his "*net wages* without examining his financial resources at the time of sentencing." (Pet. at 3-4) (emphasis in original.)

On January 25, 2010, Petitioner signed release papers at F.C.I. Elkton, where he had served his federal sentence. Upon release, he was picked up by a Columbiana County, Ohio Sheriff's Department Deputy who advised him he was in state custody and being transported to

---

[2]Considering the court case number is 1997, the Court presumes petitioner's appearance before the State court was some time during that year.

Columbiana County Jail. The Deputy allegedly advised Petitioner he was "wanted on the theft charge (which occurred in 1997) under Docket No. CR97-333, and was also wanted by the State of Maine for being a *Fugitive From Justice*; based on a *Warrant on Complaint*, dated and signed on January 21st, 2010." (Pet. at 5)(emphasis in original.) Mr. Watson claims he never saw the warrant until a video conference for his Fugitive From Justice extradition hearing before Judge Carol A. Robb in Columbiana Municipal Court. When he examined the date on the warrant he noted that it was "pre-dated; (January 21, 2010) alleging that the petitioner was taken into custody and was at Columbiana County Jail, when he was still in custody at F.C.I. Elkton . . . therefore the Court documents are *incorrect*." (Pet. at 7) (emphasis in original.) Mr. Watson further complains that the allegations in the state's warrant are false and Judge Robb's signature lacks a notary seal attesting to the facts stated. He asserts that he did not "flee" the state of Maine and take refuge in Ohio.

On or about February 2, 2010, the United States Marshal Service transported Mr. Watson from Columbiana Jail to the NEOCC "without the appropriate orders." (Pet. at 16.) He complains the U.S. Marshal acted beyond the scope of its jurisdiction when it transported him from jail to NEOCC at the direction of the state of Maine. After his transfer to NEOCC, Petitioner filed the above-captioned petition.

Mr. Watson now seeks an order from this Court providing the following relief:

- Immediate release from NEOCC.

- Vacate fugitive charges against him, as well as the 1997 theft charges and restitution order.

- Transportation costs and personal expenses

3

- Order U.S. Marshal to retrieve all personal property he left at Columbiana County Jail and pay all shipping costs to mail the property to his sister in Maine.

## II. Law and Analysis

### A. Initial Review

This matter is before the court for screening. *See* 28 U.S.C. § 2243; *Harper v. Thoms*, 51 F. App'x 517, 518 (6th Cir. 2002). At this stage, allegations in the petition are taken as true and liberally construed in Petitioner's favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Because Mr. Watson is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Even considering all of these factors, Mr. Watson is not entitled to an award of the writ. *See* 28 U.S.C. § 2243 ("judge entertaining an application for a writ of habeas corpus shall forthwith award the writ . . . , unless it appears from the application that the applicant or person detained is not entitled thereto.")

### B. Petition for Writ – "In Custody"

A district court shall direct a writ of habeas corpus "to the person having custody of the person detained." 28 U.S.C. § 2243; *see Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). Therefore, a court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian. *Id*. at 495. For prisoners, the warden of the facility in which they are held is the proper custodian. *See Roman v. Ashcroft*, 340 F.3d 314, 319 (6th Cir. 2004) (as a general rule, a petitioner should name as a respondent to his habeas corpus petition

the individual having day-to-day control over the facility in which petitioner is being detained). If Petitioner was a federal prisoner at the time he filed this petition, his custodian would clearly be the warden at NEOCC. The relevant facts alleged, however, establish that although Petitioner was confined in a federal facility when he filed this petition, he was not in federal custody.

Section 2241 provides that the writ:

[S]hall not extend to a prisoner unless--

(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

(3) He is in custody in violation of the Constitution or laws or treaties of the United States;

28 U.S.C. § 2241. Without question, in light of the expiration of his federal sentence, Petitioner is not "in custody under or by color of the authority of the United States" or "in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States." *Id.*; *see Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (holding that a movant is not "in custody" under a State conviction for the purpose of habeas relief where the sentence imposed for that conviction has fully expired); *see also Custis v. United States*, 511 U.S. 485, 497 (1994). Nor does Mr. Watson set forth any argument that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. Instead, Petitioner seeks this Court's intervention to set aside a state conviction and release him from state custody. But to the extent Petitioner seeks to set aside his state sentence, a federal habeas petition is not the appropriate vehicle at this time.

By his own admission, Mr. Watson is in State custody. The fact that he was housed in a federal prison pending the imposition of his state sentence does not establish federal custody. It is explicitly provided by statute that:

> The Director of the Bureau of Prisons when proper and adequate facilities and personnel are available may contract with proper officials of a State or territory, for the custody, care, subsistence, education, treatment, and training of persons convicted of criminal offenses in the courts of such State or territory.

18 U.S.C. § 5003(a)(1). While the exact facility currently holding Mr. Watson is no longer evident, there is no question he is in the custody of the State of Maine. As a result, this Court lacks personal jurisdiction over his custodian.

Moreover, a prisoner who has been convicted in state court and is being held in a federal correctional institution pursuant to an agreement between the state and federal governments is a state prisoner who must seek habeas corpus under 28 U.S.C. § 2254. *See Battista v. Kenton*, 312 F.2d 167, 168 (2d Cir. 1963). Any such petition is subject to the restrictions imposed by the statute, including the requirement that the petitioner first exhaust available state remedies. 28 U.S.C. § 2254(b)(1). Here, there is no allegation that Mr. Watson has exhausted his remedies with the state. Accordingly, the petition is subject to dismissal without prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims.") (citations omitted).

### III. Conclusion

For the foregoing reasons, Petitioner's motions for appointment of counsel and to hold the case in abeyance are **DENIED**, his motion to proceed *in forma pauperis* is **GRANTED**, and this action is **DISMISSED** without prejudice. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

**IT IS SO ORDERED**.

Dated: July 9, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[3] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."